**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1971
_____

UNITED STATES OF AMERICA,

v.

GERALD LEE WILLIAMS, JR.,
a/k/a JOVAN WRIGHT
a/k/a DAVID LAMBERT,

Gerald Lee Williams, Jr.,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-08-cr-00328-001)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1
May 12, 2011
_____

Before:  SMITH, CHAGARES, and VANASKIE, Circuit Judges

(Filed:  June 14, 2011)
_____

OPINION OF THE COURT
_____

VANASKIE, Circuit Judge.

Gerald Lee Williams, Jr. pleaded guilty to possession of a firearm by a convicted felon. The District Court sentenced Williams to the low end of his guidelines range, and Williams now appeals his sentence. Finding no procedural or substantive error in the sentence, we will affirm the Judgment of the District Court.

I.

As we write only for the parties, who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our analysis.

On March 20, 2008, police received a 911 call reporting a man possessing a firearm. When police arrived at the scene, they saw Williams remove a handgun from his waistband and drop it on the ground. Williams had a criminal record that included felony convictions, and so his possession of the gun violated 18 U.S.C. § 922(g)(1). Williams pleaded guilty to one count of possession of a firearm by a convicted felon.

Williams' guidelines range was fifty-seven to seventy-one months' imprisonment. Williams maintained that he possessed the gun only because he wanted to protect his relatives. Williams' side of the story is as follows: a relative had told him that a gang member had threatened to fire shots into his cousins' home. When he arrived at the house, he saw some young men nearby. When they saw Williams, they fled. One of them dropped a gun on the sidewalk as he ran away. Williams picked it up, intending to use it only to defend his cousins. Once his relatives were no longer in danger, he was going to hand the gun over to police.

At Williams' sentencing hearing, he argued that these circumstances merited a sentence below the guidelines range. The government did not challenge Williams'

2

purported reason for possessing the handgun. The District Court, however, decided not to vary below the guidelines range, explaining:

> I am going to go along with the guideline recommendation here, because you know, Mr. Williams has done time before and it hadn't sunk in. I realize that he says there were extenuating circumstances when he picked up the gun in this incident, but Congress and the Sentencing Commission really feel that the illegal illicit use of guns and possession of guns in this day and age is something serious, and we know from picking up the newspaper any day just how often crimes are committed with guns.

(A. 98.) The Court sentenced Williams to fifty-seven months' imprisonment, the low end of his guidelines range. Williams now appeals.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review procedural and substantive challenges to a sentence under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

Williams maintains that his sentence was procedurally flawed because the District Court failed to acknowledge his argument that the circumstances of his offense merited a reduced sentence. We disagree. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The District Court fulfilled this obligation by acknowledging on the record Williams' claim of "extenuating circumstances" surrounding his arrest and

3

explaining why he nonetheless thought a sentence within the guidelines range was appropriate. Williams maintains that the Court only referenced "extenuating circumstances" without acknowledging the "argument" that he deserved a sentence below the guidelines range. (Appellant's Reply Br. at 3.) We fail to see how this is possible, as Williams raised the circumstances of his offense only as a way to argue for a shorter sentence. The Court plainly recognized Williams' argument but found it unpersuasive. Williams' sentence was not procedurally unreasonable.

Williams also argues that his sentence was substantively unreasonable because the District Court "fail[ed] to consider" his motive for possessing the handgun and placed undue emphasis on the seriousness of the offense. (Appellant's Br. at 30.) Williams also maintains that his difficult childhood and his "largely unremarkable" criminal record since 2000 call for a sentence shorter than fifty-seven months. (Appellant's Br. at 40.) As we noted above, the Court followed the proper procedure by acknowledging Williams' argument that the circumstances of his offense merited a reduced sentence. "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. In addition to considering Williams' explanation for his possession of the gun, the Court also weighed Williams' criminal history and the seriousness of the offense. In light of these factors, the Court decided on a sentence at the very low end of Williams' guidelines range. This was not an unreasonable sentence.

III.

The District Court's sentence was not procedurally or substantively unreasonable.

Accordingly, we will affirm the Judgment of the District Court.